**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
PAIGE PARSONS,

                            Plaintiff,                          **REPORT AND**
                                                               **RECOMMENDATION**
            -against-
                                                               CV 19-0813 (JMA) (AKT)
BONG MINES ENTERTAINMENT LLC,

                            Defendant.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.      PRELIMINARY STATEMENT

        Plaintiff Paige Parsons ("Plaintiff") commenced this action against Defendant Bong

Mines Entertainment, LLC ("Defendant" or "Bong Mines") alleging copyright infringement

under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., (the "Copyright Act").  *See generally*

Complaint ("Compl.") [DE 1].  On March 15, 2019, Zangba Thomson, the alleged "sole

proprietor and owner" of Bong Mines, attempted to appear and file an answer on behalf of the

corporate Defendant.  *See* DE 6.  The Court advised Zangba Thomson that the corporate

Defendant must, by law, retain counsel to proceed in the action.  *See* May 16, 2019 Electronic

Order; May 28, 2019 Electronic Order.  In fact, the Court adjourned the scheduled Initial

Conference on two occasions to provide Bong Mines with time to do so.  *Id.*; *see also* May 28,

2019 Electronic Order.  By the time of the October 3, 2019 Status Conference, approximately

eight months had elapsed since Bong Mines was served with the summons and Complaint and it

still had not retained counsel.  *See* October 3, 2019 Civil Conference Minute Order ("CCMO")

[DE 13]; DE 17.  Consequently, on October 3, 2019, the Court permitted Plaintiff to take steps to

obtain a certificate of default from the Clerk of the Court and to move forward thereafter with a formal motion for entry of default judgment against Bong Mines. *Id*.

As a result of the corporate Defendant's failure to answer or otherwise respond to the Complaint, the Clerk of the Court entered a Certificate of Default against Bong Mines on May 4, 2020, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* DE 19. On February 14, 2020, Plaintiff moved by formal motion for entry of default judgment against Bong Mines. *See* Plaintiff's Notice of Motion for Entry of Default Judgment ("Pl.'s Not. of Mot.") [DE 20]. Judge Hurley, who was then assigned to this case,[1] referred the motion to this Court for a Report and Recommendation as to whether the motion should be granted and, if so, the appropriate amount of damages, costs, and/or fees, if any, to be awarded. *See* May 7, 2020 Electronic Order. While the motion was pending before this Court, Zangba Thomson filed opposition to Plaintiff's motion on January 19, 2021. *See* DE 30. On January 28, 2021, Plaintiff moved to strike Thomson's opposition on the grounds that it was impermissibly filed on behalf of the corporate Defendant by Thomson and without an attorney representing the company. *See* DE 31.

For the reasons which follow, the Court respectfully recommends that: (1) Plaintiff's motion to strike Zangba Thomson's opposition on the grounds that it was impermissibly filed on behalf of the corporate Defendant without an attorney representing that Defendant be GRANTED; and (2) Plaintiff's motion for entry of default judgment be GRANTED, in part, and DENIED, in part.

---

[1]    On January 21, 2021, the case was reassigned to Judge Azrack. *See* January 21, 2021 Electronic Order.

## II.    BACKGROUND

### A.    Procedural History

On February 8, 2019, Plaintiff commenced this action solely against the corporate

Defendant. *See generally* Compl.  Plaintiff alleges that Bong Mines reproduced and published

Plaintiff's copyrighted photograph without authorization, in violation of the Copyright Act, 17

U.S.C. §§ 106 and 501.  *Id*.  Service of the Summons and Complaint was thereafter effectuated

upon Bong Mines on February 12, 2019.  *See* DE 17.  On March 15, 2019, Zangba Thomson

attempted to file an answer on behalf of Bong Mines.  *See* DE 6.  In response, Plaintiff moved to

adjourn the scheduled Initial Conference for 30 days to permit Bong Mines time to retain

counsel, and to strike the answer filed by Zangba Thomson on the grounds that it had been filed

on behalf of a corporate entity which was not represented by counsel.  *See* DE 8.  On May 16,

2019, the Court granted Plaintiff's motion and adjourned the Initial Conference to July 3, 2019.

*See* May 16, 2020 Electronic Order.  The Court expressly provided that the purpose of the

adjournment was "for [the corporate Defendant] to retain counsel."  *Id*.

Thereafter, Zangba Thomson requested a six month extension of time to retain counsel

for Bong Mines.  *See* DE 10.  On May 29, 2019, the Court granted the request but, in doing so,

provided:

> The Initial Conference is adjourned from July 3, 2019 to October 3, 2019 at 10
> a.m. for Defendant Bongs Mines Entertainment LLC to retain counsel. There
> will be no further adjournments of the Initial Conference. **The Defendant is
> on notice that if it fails to appear with counsel at the adjourned Initial
> Conference, it risks a default judgment against it**.

*See* May 29, 2019 Electronic Order (emphasis added).  On September 30, 2019, Plaintiff advised

the Court that Bong Mines had yet to retain counsel and requested an adjournment of the

October 3, 2019 Initial Conference in order to move for entry of default judgment.  *See* DE 11.

The Court denied Plaintiff's request, however, in light of the corporate Defendant's failure to retain counsel. *See* October 1, 2019 Electronic Order. The October 3, 2019 Initial Conference was consequently converted to a telephone status conference. *Id.* Although Zangba Thomson appeared for the October 3, 2019 Status Conference, no counsel appeared on behalf of the corporate Defendant. *See* October 3, 2019 CCMO. At that conference, the Court spent time explaining to Zangba Thomson the applicable law governing the representation of a corporation involved in litigation and advised him that the corporate Defendant could not proceed in the action without being represented by an attorney. *Id.* Zangba Thomson was also advised of the ramifications of the corporate Defendant's failure to retain counsel, namely, the prospect of having a default judgment entered against it and the process by which that would occur. *Id.* Finally, the Court permitted Plaintiff to move for entry of default judgment against Bong Mines and set November 8, 2019 as the deadline by which Plaintiff was required to seek a certificate of default from the Clerk's Office and to file a formal motion for entry of default judgment. *Id.*

Plaintiff's request for a certificate of default was denied by the Clerk's Office on November 13, 2019 based on Plaintiff's failure to file proof of service of the Summons and Complaint. *See* November 13, 2019 Electronic Order. Although Plaintiff's counsel filed an Affidavit of Service on November 14, 2019 [DE 17], counsel failed to subsequently renew his request for a certificate of default and to file a motion for entry of default judgment. On April 30, 2020, the Court conducted a telephone conference to address this failure, at which time Plaintiff's counsel was directed to file an application to extend the deadline to file a motion for entry of default judgment *nunc pro tunc,* demonstrating good cause for such an extension. *See* April 30, 2020 Electronic Order. Upon receiving the application [DE 25], the Court extended Plaintiff's deadline to move for an entry of judgment *nunc pro tunc. See* DE 26.

4

The Clerk of the Court entered a Certificate of Default against Bong Mines, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on May 2, 2020. *See* DE 19. On May 6, 2020 Plaintiff moved for entry of default judgment against the corporate Defendant in the amount of $32,990, consisting of $30,000 in statutory damages, $2,550 in attorneys' fees, and $440 in costs. *See* Declaration of Richard Liebowitz, Esq. ("Liebowitz Decl.") ¶ 11-12 [DE 21]; Statement of Damages ¶ 3 [DE 22]. In support of the motion, Plaintiff submitted the Declaration of Richard Liebowitz, Esq., counsel for Plaintiff, along with supporting exhibits, a Statement of Damages, and a Proposed Order [DE 23].[2]

Judge Hurley, who was then assigned to this case, referred the motion to this Court for a Report and Recommendation as to whether "Plaintiff has demonstrated that the allegations in the Complaint establish the Defendant's liability such that the motion for default judgment should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded." May 7, 2020 Electronic Order. While the motion was pending was before this

---

[2]  The Court notes that Plaintiff's motion does not comply with Local Rule 7.1 in that it does not contain, among other things, a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion. A party's failure to comply with Local Rule 7.1 on a motion for default judgment may warrant "sanctions, including denying the motion in its entirety or a reduced fee award." However, the Court in its discretion will proceed with a determination of the motion in this instance because (1) of the amount of time the motion has been pending and (2) Plaintiff's submissions provide a sufficient basis for the Court to determine damages and there is no apparent prejudice to Defendants since Plaintiff articulated the relief sought, albeit solely in the declarations submitted. *See Wider Consol., Inc. v. Vision Prod. Co.*, No. 17-CV-3427, 2018 WL 1320685, at *3 (E.D.N.Y. Feb. 22, 2018), *report and recommendation adopted,* No. 17-CV-3427, 2018 WL 1320664, at *1 (E.D.N.Y. Mar. 13, 2018) ("This absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion. Certainly, this Court has discretion to overlook failure to comply with local rules.") (internal quotations marks and citations omitted); *Sullivan v. Marble Unique Corp.,* No. 10-CV-3582, 2011 WL 5401987, at *4 n.2 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, No. 10-CV-3582, 2011 WL 5402898, at *2 (E.D.N.Y. Nov. 4, 2011) ("Plaintiffs' counsel did not include a memorandum of law as required by Local Civil Rule 7.1. Failure to do so in the future may lead to sanctions, including denying the motion in its entirety or a reduced fee award.").

Court,[3] Zangba Thomson filed opposition to Plaintiff's motion on behalf of Bong Mines on January 19, 2021. *See* DE 30. On January 28, 2021, Plaintiff moved to strike Zangba Thomson's opposition on the grounds that it was impermissibly filed on behalf of the corporate Defendant by Thomson and not by an attorney representing the corporation. *See* DE 31.

### B.    Factual Background

The following facts are taken solely from the Complaint and are accepted as true for purposes of the instant motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Plaintiff is a professional photographer who licenses her photographs to online and print media for a fee. *See* Compl. ¶ 5. Plaintiff photographed record producer and recording artist Mikky Ekko (the "Photograph"). *Id.* ¶ 7. The Photograph is registered with the United States Copyright Office under registration number VA 2-126-723. *Id.* ¶ 9. Plaintiff is the author and sole owner of the copyright in the Photograph. *Id.* ¶¶ 8-9.

Bong Mines owns and operates the website www.BongMinesEntertainment.com (the "Website"). *Id.* ¶ 6. On October 3, 2018, Bong Mines published an article on the Website which featured the Photograph. *Id.* ¶ 10. Bong Mines did not license the Photograph from Plaintiff or otherwise have permission to use the Photograph. *Id.* ¶ 11. Consequently, Plaintiff instituted the instant action alleging that Bong Mines infringed her copyright in the Photograph, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. *See generally* Compl.

---

[3]    Also, during this time, Plaintiff's counsel, Richard Liebowitz, Esq., filed a "Notice of Order" on July 27, 2020 which was ordered to be filed in all currently pending cases pursuant to sanctions imposed against Attorney Liebowitz in another matter. *See* DE 27. Mr. Liebowitz has been suspended from practice before the Southern District of New York and has faced sanctions in other courts. He is one of two counsel who have appeared on Plaintiff's behalf from the Liebowitz Law Firm, PPLC. On May 8, 2020, James H. Freeman, Esq., of the Liebowitz Firm filed a Notice of Appearance on behalf of Plaintiff. *See* DE 24.

III.    <u>STANDARD OF REVIEW</u>

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for

obtaining a default judgment against a defaulting party.  *See Priestley v. Headminder, Inc.*, 647

F.3d 497, 504–05 (2d Cir. 2011); *Liberty Mut. Fire Ins. Co. v. Zurich Am. Ins. Co.*, No. 19-CV -

414, 2020 WL 871220, at *2 (N.D.N.Y. Feb. 21, 2020).  First, the plaintiff must obtain a

notation of default indicating that a party has "failed to plead or otherwise defend."  Fed. R. Civ.

P. 55(a).  Second, "the plaintiff [can] seek judgment by default under Rule 55(b)" upon obtaining

a notation of default.  *Priestley*, 647 F.3d at 505.  The decision to grant a motion for default

judgment is left to the sound discretion of the district court.  *Cement & Concrete Workers Dist.*

*Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (citation

omitted).

"Once found to be in default, a defendant is deemed to have admitted all of the well-

pleaded allegations in the complaint pertaining to liability."  *Philip Morris USA Inc. v. 5 Bros.*

*Grocery Corp.*, No. 13-CV-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  A

default judgment entered on the well-pleaded allegations in the complaint establishes a

defendant's liability.  *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC,* No. 12-CV-5986,

2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014) (citing *Greyhound ExhibitGroup. Inc.*, 973

F.2d at 158).  However, "[j]ust because a party is in default, the plaintiff is not entitled to a

default judgment as a matter of right."  *Taylor v. 312 Grand St. LLC*, No. 15-CV-5410, 2016 WL

1122027, at *3 (E.D.N.Y. Mar. 22, 2016) (citation omitted); *see also Local 1922 Pension Fund*

*v. Broadway Elec. Supply, Co.,* 19-CV-2344, 2020 WL 1931635, at *4 (E.D.N.Y. Mar. 18, 2020)

(citation omitted).  Rather, "it remains the plaintiff's burden to demonstrate that those

7

uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); *see also A. & R. Lobosco, Inc. v. Superior Trading, Inc.,* No. 15-CV-3737, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016), *report and recommendation adopted*, No. 15-CV-3737, 2016 WL 5719720, at *1 (E.D.N.Y. Oct. 3, 2016) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."); *LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 623 (E.D.N.Y. 2018) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 170–71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)).  These factors are: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* (citation omitted); *see also Reliance Commc'ns LLC v. Retail Store Ventures, Inc.,* No. 12-CV-2067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (citation omitted).

IV.    <span style="font-variant: small-caps">Discussion</span>

### A.    A Corporation's Obligation to Retain Counsel

With regard to Bong Mines' obligation to retain counsel, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  This provision allows for representation "by an attorney admitted to the practice of law by a governmental regulatory body and [ ] by a person representing himself.  The statute does not allow for unlicensed laymen to represent anyone else other than themselves."  *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976)).  Moreover, "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."  *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citation omitted); *accord In Re: Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570, 2016 WL 1377129, at *2 (S.D.N.Y. Feb. 22, 2016), *report and recommendation adopted sub nom. In re: Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570, 2016 WL 3866576 (S.D.N.Y. July 13, 2016).  Since laypersons are not permitted to represent anyone other than themselves, and corporations may not proceed *pro se*, corporations may only appear in federal court through licensed counsel.  *Id.* at 22 (collecting cases); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1992) (holding that "[i]t has been the law for the better part of two centuries … that a corporation may appear in federal courts only through licensed counsel"); *Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 192 (2d Cir. 2006) (holding that "[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney")

(citation omitted); *Kramer v. Nat'l Fire Ins. Co. of Hartford,* No. 18-CV-4848, 2019 WL 3966166, at *5 (S.D.N.Y. Aug. 22, 2019) ("[A] layperson may not represent a corporation in which [s]he is the sole shareholder, a limited liability company of which [s]he is the sole member, or a partnership where [s]he is a partner.") (citation omitted).

Because the corporate Defendant never retained counsel, despite the Court's Orders to do so, Plaintiff is entitled to move for a default judgment. *See Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, No. 14-CV-0982, 2018 WL 1786991, at *4 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted*, 293 F. Supp. 3d 305, 306 (E.D.N.Y. 2018). For this same reason, the Court cannot consider the opposition to the instant motion filed by Zangba Thomson on behalf of the corporate Defendant. Consequently, the Court grants Plaintiff's motion to strike the opposition. *See Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) ("District courts no doubt enjoy an inherent authority to manage their dockets."); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-CV-2669, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) (explaining that a court's "inherent authority includes the court's ability to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances") (internal quotation marks and citations omitted).

## B.    Default Judgment

### 1.    *Willfulness*

A defendant's failure to respond to a complaint sufficiently demonstrates willfulness. *See, e.g., Elgard Corp. v. Brennan Constr. Co.*, 248 Fed. Appx. 220, 222 (2d Cir. 2007); *W. Coast 2014-7, LLC v. Portillo-Pena*, No. 15-CV-6036, 2016 WL 4506749, at *5 (E.D.N.Y. Aug. 5, 2016), *report and recommendation adopted*, No. 15-CV-6036, 2016 WL 4507003, at *2 (E.D.N.Y. Aug. 26, 2016); *E. Sav. Bank, FSB v. Beach*, No. 13-CV-0341, 2014 WL 923151, at

*5 (E.D.N. Y Feb. 12, 2014), *adopted by* 2014 WL 923151 (E.D.N.Y. Mar. 10, 2014). Moreover, a corporate defendant's failure to comply with a court order requiring it to retain counsel is demonstrative of willful default. *See Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010), *report and recommendation adopted*, No. 07-CV-3956, 2010 WL 3780984, at *1 (E.D.N.Y. Sept. 17, 2010) ("The presence of a disregarded Order is determinative in granting default judgment [under rule 55(a)] against a corporate entity that fails to retain counsel."); *Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir. 2001) (affirming default judgment where corporate defendant failed to retain counsel by date specified by district court).

Here, Plaintiff has submitted an Affidavit of Service demonstrating that Bong Mines was duly served with the Summons and Complaint and with notice of the instant motion. *See* DE 17; DE 28. Bong Mines did not answer, make an appearance, or request an extension of time in which to respond. The Court twice adjourned the Initial Conference scheduled in the action in order to allow Bong Mines time to retain counsel. The Court also advised Bong Mines that it risked default judgment being entered against it in the event that it failed to appear with counsel at the adjourned Initial Conference. *See* May 29, 2019 Electronic Order. Approximately eight months after having been served with the Summons and Complaint, Bong Mines had still not retained counsel to appear on its behalf in this case. *See* October 3, 2019 CCMO; DE 17. An additional six months passed before the filing of the instant motion. Within that time frame, Bong Mines did not retain counsel to appear and respond on its behalf. Although Zangba Thomson attempted to respond to the instant motion, his submission cannot be accepted for the reasons discussed above. As a result, the Court finds that this factor weighs in favor of entering default judgment against Bong Mines.

### 2.   *Meritorious Defense*

Turning to the next factor, the Court cannot determine whether the corporate Defendant has a meritorious defense because no such defense has been presented to the Court.  *See, e.g., Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citation omitted); *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465, 2020 WL 1172697, at *5 (E.D.N.Y. Feb. 21, 2020), *report and recommendation adopted*, No. 16-CV-1465, 2020 WL 1166498, at *1–2 (E.D.N.Y. Mar. 11, 2020) (citations omitted).  Once again, although Zangba Thomson attempted to assert defenses in a purported answer to the Complaint and opposition to the instant motion, his submissions on behalf of the corporate Defendant are not acceptable.  As it relates to liability, Bong Mines' default constitutes an admission of all of the Complaint's factual allegations.  *See Finkel*, 577 F.3d at 84.  However, Plaintiff still must demonstrate that the uncontested allegations adequately set forth the asserted cause of action. *See A. & R. Lobosco, Inc.,* 2016 WL 5723982, at *2.

The Copyright Act protects the exclusive rights of copyright owners to reproduce and distribute copies of protected works by empowering them to bring suit for copyright infringement.  *See* 17 U.S.C. §§ 106, 501.  To prevail on a copyright infringement claim, the plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344, 111 S. Ct. 1282, 1287, 113 L. Ed. 2d 358 (1991); *accord Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019).  The first element of a copyright infringement claim can be established by introducing evidence of a Copyright Office certificate of registration.  *See Sheldon v. Plot Commerce*, No. 15-CV-5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058, at *1 (E.D.N.Y. Sept. 19, 2016); *Fleishman v.*

*World Bride Magazine, LLC*, No. 19-CV-5595, 2020 WL 7774843, at *2 (E.D.N.Y. Oct. 27, 2020), *report and recommendation adopted*, No. 19-CV-5595, 2020 WL 7770936, at *1 (E.D.N.Y. Dec. 30, 2020) ("A Copyright Office certificate of registration, if timely obtained, constitutes 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'") (citations omitted).  In cases of default, where the allegations in a complaint are accepted as true, the plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, is satisfactory.  *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378, 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019), *report and recommendation adopted by*, 2019 WL 1062490, at *1 (E.D.N.Y. Mar. 6, 2019) (collecting cases).  Here, Plaintiff has not submitted a copy of the Certificate of Registration from the Copyright Office; however, Plaintiff does allege that the Photograph was registered with the United States Copyright Office under registration number VA 2-126-723 and that she is the owner of the copyright.  *See* Compl. ¶¶ 8-9.  These allegations are sufficient to satisfy the first element of a copyright infringement claim.  *See Fleishman*, 2020 WL 7774843, at *3 (finding the allegations that "plaintiff is the author of the Photograph, its sole copyright owner, and that the Photograph was registered with the Copyright Office under registration number VA 2-166-393" sufficient to demonstrate ownership of a valid copyright); *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475, 2020 WL 4738242, at *2 (E.D.N.Y. Aug. 14, 2020) (finding plaintiff's allegations "that he owns all rights in the Video and registered the Video with the U.S. Copyright Office under Copyright Registration Number PA 2-130-510" sufficient to establish ownership of a valid copyright despite plaintiff not having submitted a copy of the Certificate of Registration) (citations omitted); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013) (finding that, in order to establish ownership and registration of a copyright at the pleading

13

stage, a plaintiff "need only allege ... that plaintiff owns the copyrights in those works and that the copyrights have been registered in accordance with the statute") (internal quotation marks and citation omitted).

To establish the second element of a copyright infringement claim, the "[p]laintiff must meet a 'minimal' burden to show that the Photograph is his [or her] original work and allege a violation of his [or her] exclusive rights under § 106." *Pasatieri v. Starline Prods., Inc*., No. 18-CV-4688, 2020 WL 207352, at *2 (E.D.N.Y. Jan 14, 2020) (quoting *Sheldon*, 2016 WL 5107072, at *11). In the context of copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns*, 499 U.S. at 345 (citation omitted). "[T]he requisite level of creativity is extremely low" and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id*. (internal quotation marks and citation omitted). "For photographs, originality may be founded upon ... [their] subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *Pasatieri*, 2020 WL 207352, at *2 (internal quotation marks and citation omitted).

Here, Plaintiff alleges that the corporate Defendant reproduced and publicly displayed the Photograph on its Website without having obtained a license or permission from Plaintiff [Compl. ¶¶ 10-11], which is sufficient to establish a violation of her exclusive rights under § 106. *See Pasatieri*, 2020 WL 207352, at *3 (finding plaintiff's allegation that defendant reproduced and displayed plaintiff's image without plaintiff's consent was sufficient to establish that defendant violated plaintiff's exclusive rights in the image); *Korzeniewski v. Sapa Pho*

14

*Vietnamese Rest. Inc.*, No. 17-CV-5721, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, No. 17-CV-5721, 2019 WL 291145, at *1-2 (E.D.N.Y. Jan. 23, 2019) (same).  Moreover, the originality of the Photograph can be inferred from Plaintiff's claim to be the author of the Photograph.  *See Suk v. Tastemakers Glob.*, Inc., No. 19-CV-6043, 2020 WL 7774705, at *3 (E.D.N.Y. Oct. 19, 2020), *report and recommendation adopted*, No. 19-CV-6043, 2020 WL 7770978, at *1 (E.D.N.Y. Dec. 30, 2020) (finding that "the originality of the Photographs can be inferred from plaintiff's claim that she is the Photographs' author."); *Korzeniewski,* 2019 WL 312149, at *6 (finding that plaintiff's allegation that he was the sole creator of the "original and unique" image was sufficient to establish originality).

For these reasons, Plaintiff has successfully stated a claim for copyright infringement, and this factor weighs in favor of entering default judgment against Bong Mines.

### 3.    *Prejudice*

The final factor for the Court to consider is whether Plaintiff would be prejudiced if the motion for default judgment were to be denied.  Denying this motion would be prejudicial to Plaintiff since "there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd.*, 2008 WL 5560868, at *2 (citation omitted); *see also Sola Franchise Corp. v. Solo Salon Studios Inc.,* No. 14-CV-946, 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015) (finding prejudice sufficient to justify the entry of default judgment because, otherwise, "Plaintiffs would be unable to recover for the claims adequately set forth in the Complaint").

Because all three factors necessary to establish a default have been satisfied with respect to the corporate Defendant, the Court respectfully recommends to Judge Azrack that Plaintiff's motion for entry of default judgment against Bong Mines be GRANTED.

### C.    Damages

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound*, 973 F.2d at 158.  Therefore, once a party's default as to liability is established, a plaintiff still must prove damages.  *See Metro Found. Contractors, Inc.*, 699 F.3d at 234; *Suk, Inc.*, 2020 WL 7774705, at *3 ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") (citation omitted).  The Court "may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to … determine the amount of damages [or] establish the truth of any allegation by evidence."  Fed. R. Civ. P. 55(b)(2).  However, the Court is not required to hold a hearing if the party seeking damages submits "[d]etailed affidavits and other documentary evidence" in support of its request.  *See Tr. of Bldg. Trades Educ. Benefit Fund v. Culver Elec., LLC*, No. 17-CV-3448, 2020 WL 6927618, at *4 (E.D.N.Y. Nov. 3, 2020), *report and recommendation adopted in part*, No. 17-CV-3448, 2020 WL 6902364, at *1 (E.D.N.Y. Nov. 24, 2020) (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993)).  On a motion for default judgment, a plaintiff has the burden of proving damages to the Court with "reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted).  Therefore, the only question remaining is whether Plaintiff has provided adequate support for the damages sought.

Plaintiff seeks to recover $30,000 in statutory damages, $2,550 in attorneys' fees, and $440 in costs.  *See* Statement of Damages ¶ 3; Liebowitz Decl. ¶¶ 11-12.  As noted previously, in support of the request for damages, Plaintiff submitted Attorney Liebowitz's Declaration and a Statement of Damages.  Because Plaintiff has elected to seek statutory damages under the

Copyright Act, no hearing is necessary. *See Hirsch v. Sell It Soc., LLC*, No. 20-CV-0153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020) (finding no hearing necessary to determine the appropriate amount of damages on default judgment because the plaintiff sought statutory damages under the Copyright Act) (citation omitted); *Bass v. Diversity Inc. Media*, No. 19-CV-2261, 2020 WL 2765093, at *3 n.1 (S.D.N.Y. May 28, 2020) (same) (citation omitted).

### 1.    *Statutory Damages*

Plaintiff seeks to recover $30,000 in statutory damages under 17 U.S.C. § 504(c)(1).[4] *See* Liebowitz Decl. ¶¶ 11, 13; Statement of Damages ¶¶ 3-4. An infringer of a copyright is liable for either "(1) the copyright owner's actual damages and any additional profits of the infringer" or "(2) statutory damages" "in a sum of not less than $750 or not more than $30,000 as the court considers just." 17 U.S.C.S. §§ 504(a), (c)(1). A copyright plaintiff may elect to receive statutory damages at any time before final judgment. *Bus. Trends Analysts Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 403 (2d Cir. 1989); *see also CJ Prods., LLC v. Your Store Online LLC*, No. 11-CV-9513, 2012 WL 2856068, at n. 4 (S.D.N.Y. July 12, 2012) (finding that a copyright plaintiff may "make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has

---

[4]    The Copyright Act provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for–(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Plaintiff's registration, of which the Court takes judicial notice, see *Fleishman*, 2020 WL 7774843, at *6 (citation omitted), indicates that the Photograph was first published on October 3, 2018 and the registration became effective within three months of first publication, on November 13, 2018. *See* United States Copyright Office, *Public Catalog*, https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search%5FArg=va0002126723&Search%5FCode=REGS&CNT=10&PID=ezPJCCFM6RM2bRzLpxqA4fEOx9JV5yM&SEQ=20210201131546&SID=3.

intentionally declined to offer such evidence, although it was available."). The court has broad discretion to select the amount of the damages award within the pertinent statutory range. *See Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.,* 807 F.2d 1110, 1116-17 (2d Cir. 1986). In exercising that discretion, courts consider the following factors to determine the amount of statutory damages to award for copyright infringement:

> (1) the infringer's state of mind, (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

With respect to the first factor -- the infringer's state of mind -- it may be inferred that the corporate Defendant's infringement was willful as a result of its default. *See Hirsch*, 2020 WL 5898816, at *4 (citing *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default.")); *see also Farrington v. Fingerlakes1.com, Inc.*, No. 19-CV-6802, 2020 WL 7350336, at *6 (W.D.N.Y. Dec. 15, 2020) ("Defendant's willfulness is demonstrated by its default in this litigation and its operation of a website that publishes articles.") (citation omitted). However, absent additional evidence of willfulness or allegations of actual awareness of the infringing activity on the part of defendant aside from a default, such as a cease-and-desist letter to the defendant or a request for injunctive relief, courts in this Circuit generally do not award the plaintiff maximum or substantial statutory damages. *See, e.g., Verch v. Sea Breeze Syrups, Inc.*, No. 19-CV-5923, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020), *report and recommendation adopted*, No. 19-CV-5923, 2020 WL 7402209, at *1 (E.D.N.Y. Dec. 17, 2020) (collecting cases); *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *5

(E.D.N.Y. Mar. 13, 2020) (collecting cases); *but see Farrington*, 2020 WL 7350336, at *6 (finding that willfulness demonstrated by defendant's default and its operation of a website that publishes articles weighed in support of a substantial award of statutory damages). Because the corporate Defendant's state of mind is established solely through its default, the first factor weighs against an award of substantial statutory damages. *See Idir v. La Calle TV, LLC*, No. 19-CV-6251, 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (finding that the first factor did not support an award of the maximum amount of statutory damages based on the defendant's default and industry experience because there was "no additional evidence of a cease-and-desist letter or similar pre-litigation activity by the plaintiff").

    In evaluating the second and third factors -- *i.e.*, profits earned by the infringer and losses suffered by the copyright holder – the Court points out that Plaintiff has not submitted evidence regarding either the corporate Defendant's financial gain from using the Photograph or Plaintiff's loss of revenue from such use. Although "allowance must be made for the fact that the [D]efendant's failure to appear limits that which [P]laintiff can show, … even on a motion for default judgment, the [P]laintiff may be able to ascertain information from readily available public sources about the infringement and the defendant's financial status" or at least "disclose his [or her] usual license fee." *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020). Plaintiff "respectfully decline[d]" to submit any evidence of her actual losses or licensing fee history, asserting that such evidence is unnecessary when seeking statutory damages. Liebowitz Decl. ¶¶ 14-15. Although Plaintiff correctly states that she is not required to submit such evidence to obtain statutory damages, "the seeming absence of tangible harm is something the Court may consider." *Mantel v. Smash.com Inc*., No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (citations omitted). "Statutory

damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered." *Id*. (internal quotation marks and citation omitted). Where, as here, the Plaintiff does not submit any evidence of actual losses or licensing fees, it may be inferred that any lost revenue is *de minimis*, which weighs against a substantial award of statutory damages. *See Hirsch*, 2020 WL 5898816, at *4 (inferring from plaintiff's failure to provide evidence of his actual losses or licensing fee history that any revenue lost was *de minimis*) (citation omitted); *Lowery v. Fire Talk LLC*, No. 19-CV-3737, 2020 WL 5441785, at *4 (E.D.N.Y. June 29, 2020), *report and recommendation adopted*, No. 19-CV-3737, 2020 WL 5425768, at *1 (E.D.N.Y. Sept. 10, 2020) (same) (citation omitted); *Bass*, 2020 WL 2765093, at *4 ("The Court thus infers from Plaintiff's 'respectful refusal'—as a court in its sister District has—that any revenue lost by Plaintiff as a result of Defendant's infringement is *de minimis*. Accordingly, this factor weighs against the $30,000 statutory award Plaintiff seeks here.") (citation omitted).

Concerning the fourth factor -- the deterrent effect on the infringer -- Plaintiff states that she "seeks statutory damages as a deterrent to willful infringers." Leibowitz Decl. ¶ 15; Statement of Damages ¶ 6. Where, as here, the defendant is in the publishing industry, there is a deterrent value in assessing statutory damages because such defendants are "in a position to repeat the unauthorized reproduction of copyrighted material." *Bass*, 2020 WL 2765093, at *4 (citation omitted). Substantial statutory damages may also be warranted as a deterrent where defendants profit significantly despite repeated notices that they are infringing on the plaintiff's copyright. *Id*. (citations omitted). Because Plaintiff here has not alleged that the corporate Defendant is, in fact, a serial copyright infringer, or that it continues to infringe copyrights in spite of repeated notices of infringement, this factor weighs against an award of substantial

statutory damages.  *See, e.g., Hirsch*, 2020 WL 5898816, at *4; *Bass*, 2020 WL 2765093, at *4; *Seelie*, 2020 WL 136659, at *4.  Moreover, because Plaintiff "has not provided any licensing fee information and the Court infers that Plaintiff's licensing fee was *de minimis*, a damages award of $30,000 would clearly be much greater than necessary to provide adequate deterrence." *Hirsch*, 2020 WL 5898816, at *4 (citation omitted); *see also Balhetchet*, 2020 WL 4738242, at *4 (noting that evidence detailing actual losses or licensing fee history "allows a court to determine a fair award that would adequately compensate the copyright holder while also deterring potential infringers"); *Bass*, 2020 WL 2765093, at *4 (finding the lack of evidence of plaintiff's licensing fee affects the deterrence analysis because some courts in this Circuit have held that damage awards amounting to three times the plaintiff's licensing fee are adequate deterrence).

     With respect to the fifth factor -- the infringer's cooperation in providing evidence of the value of the infringing material -- the corporate Defendant's default weighs in favor of a substantial statutory award.  *See Farrington*, 2020 WL 7350336, at *6 ("Similarly, based on Defendant's default, Defendant has not cooperated in providing evidence concerning the value of the infringing material and the fifth factor supports a substantial award of statutory damages."); *Dermansky*, 2020 WL 1233943, at *5 n.3 ("The Court notes that the fifth factor weighs in Plaintiff's favor simply by virtue of Defendant's default."); *but see Hirsch*, 2020 WL 5898816, at *4 ("The fifth factor – Defendant's cooperation in providing evidence of the value of the infringing material – is not applicable upon default judgment."); *Bass*, 2020 WL 2765093, at *4 (finding that "the fifth factor is irrelevant where, as here, Defendant has defaulted").

     Turning to the sixth factor -- the conduct and attitude of the parties – the Court finds that although the corporate Defendant's conduct in defaulting in this litigation weighs in favor of a

substantial award, Plaintiff's failure to provide any evidence which might assist the Court in evaluating the appropriateness of the statutory award sought, such as her licensing fees history, weighs against a substantial award.  *See*, *e.g.*, *Farrington*, 2020 WL 7350336, at *6; *Hirsch*, 2020 WL 5898816, at *4; *Bass*, 2020 WL 2765093, at *4; *Lowery*, 2020 WL 5441785, at *4.

Based on the foregoing factors, the Court respectfully recommends to Judge Azrack that Plaintiff be awarded $2,500 in statutory damages -- not $30,000.  This award falls within the range of statutory damages awarded by courts in this Circuit under similar circumstances, namely, where the plaintiff asserted a single infringement claim for unlicensed use of one or two photographs but did not submit, among other things, evidence of the plaintiff's licensing fee or any loss of profits.  The Court has considered the "long-line of cases in this Circuit" to which Plaintiff refers and the Default Judgment Orders submitted in support of Plaintiff's proposition that "courts in this Circuit have routinely awarded $30,000 in statutory damages damage for a single photograph without … proof of actual damages," and finds those cases unavailing in assessing the statutory damages in this case.  *See* Statement of Damages ¶¶ 7-8 (collecting cases and orders); Default Judgment Orders, annexed as Ex. A to Liebowitz Decl. [DE 21-1].

Presented with the same string of cases cited by Attorney Liebowitz, several courts in this District have noted that the cited cases were distinguishable to the case at hand because the plaintiff seeking a default judgment in those cases provided more information to support a finding with respect to the relevant *Bryant* factors.  *See Dermansky*, 2020 WL 1233943, at *5 n.4 (citation omitted); *Seelie*, 2020 WL 136659, at *5 (citation omitted); *Lowery*, 2020 WL 5441785, at *5 (citation omitted); *McGlynn v. Cools, Inc.*, No. 19-CV-3520, 2020 WL 6561658, at *7 (S.D.N.Y. July 1, 2020), *report and recommendation adopted*, No. 19-CV-3520, 2020 WL

5525745, at *1-2 (S.D.N.Y. Sept. 15, 2020).[5]  *See Hirsch*, 2020 WL 5898816, at *5 (awarding

$5,000 in statutory damages for infringement of a single photo where plaintiff withheld evidence

of licensing fee history or actual losses); *Bass*, 2020 WL 2765093, at *5 (same); *Seelie*, 2020

WL 136659, at *4 (same); *Mantel*, 2019 WL 5257571, at *3 (awarding $2,500 in statutory

damages for infringement of a single photo where "Defendant's willfulness—and the need to

deter such conduct—justifies an award greater than the minimum, but absent any actual loss,

those factors are not so weighty as to warrant an even larger award"); *Idir*, 2020 WL 4016425, at

*3 (awarding $2,500 in statutory damages where "defendant's apparent willfulness and the need

to deter such conduct justifies an award greater than the minimum of $750, but a higher award is

not warranted where there is no evidence of actual losses or additional evidence of willfulness on

the part of the defendant"); *Verch*, 2020 WL 7407939, at *4 (awarding $1,000 in statutory

damages where there was "only one alleged act of infringement, … no cease-and-desist letters,

… no requests for injunctive relief, the usual licensing fee [had] not been provided, and there

[was] no evidence of any actual harm"); *Dermansky*, 2020 WL 1233943, at *5 (same);

---

[5]    These courts have further observed that Attorney Liebowitz engaged in "cherry-picking of cases that support statutory awards that at least lean toward windfall recoveries without disclosing that, in a number of single-instance infringements against obscure defendants like the one here, he has recovered mere hundreds of dollars in statutory damages, renders his truncated presentation of the case law of little use." *Seelie*, 2020 WL 136659, at *5 (citation); *see also Dermansky*, 2020 WL 1233943, at *5 n.4 (citation omitted); *Lowery*, 2020 WL 5441785, at *5 (citation omitted); *McGlynn*, 2020 WL 6561658, at *7.  The Court has similarly reviewed the cases Plaintiff cited and draws the same conclusion here.

With respect to the same Default Judgment Orders submitted by Attorney Liebowitz, the courts in *Seelie* and *Dermansky* aptly explained that the mere existence of judgments awarding statutory damages does not provide guidance as to the amount of statutory damages that should be awarded because a judgment alone does not demonstrate how those courts arrived at the specific damages figures.  *Compare* Default Judgment Orders, Ex. A, Liebowitz Decl., *with Seelie,* No. 19-CV-5643, DE. 13-1, *and Dermansky*, No. 19-CV-1149, DE 12-1; *see also Dermansky*, 2020 WL 1233943, at *5 n.4 (citation omitted); *Seelie*, 2020 WL 136659, at *5.

*Balhetchet*, 2020 WL 4738242, at *4 (awarding $1,000 in statutory damages given the nature of the [single instance of] infringement alleged and the lack of a baseline amount of Plaintiff's licensing fee or any loss of profits).

###### 2.    Attorneys' Fees

Plaintiff's counsel seeks to recover $2,550.00 in attorney's fees.  Liebowitz Decl. ¶ 17. Under Section 505 of the Copyright Act, the Court may "award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  However, "[a]n award under that statute is not automatic, but rather lies within the sole and rather broad discretion of the court."  *Dermansky*, 2020 WL 1233943, at *7 (internal quotation marks and citation omitted).

Both the Second Circuit and the Supreme Court have held that "the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case— creates a 'presumptively reasonable fee.'"  *Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 183 (2d Cir. 2007)).  The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable, paying client would be willing to pay."  *Arbor Hill,* 522 F.3d at 183–84.  The party seeking fees bears the burden of establishing that the number of hours for which it seeks compensation is reasonable.  *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (citation omitted).  A request for attorney's fees must be "supported by contemporaneous time records that show, 'for each attorney, the date, the hours expended, and the nature of the work done.'"  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Local 15, 15A, 15C & 15D, by Callahan v. Carlo Lizza & Sons Paving, Inc*., No. 19-CV-2461, 2019 WL 5694053, at *6 (E.D.N.Y. Aug. 22, 2019) (citation omitted).

To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See, e.g., Simmons v. N.Y. Cty. Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *Joseph v. HDMJ Rest., Inc.*, No. 09-CV-240, 2013 WL 4811225, at *19 (E.D.N.Y. Sept. 9, 2013). Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour. *See LG Capital Funding, LLC v. 5Barz Int'l, Inc.,* No. 16-CV-2752, 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019)*; Am. Fire & Cas. Co. v. Scott Elec. Servs., LLC*, No. 15-CV-3111, 2017 WL 395207, at *2 (E.D.N.Y. Jan. 9, 2017), *report and recommendation adopted*, 2017 WL 374728, at *1 (E.D.N.Y. Jan. 25, 2017); *Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207, 2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016); *Valdez v. H & S Rest. Operations, Inc.*, No. 14-CV-4701, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053, at *1-2 (E.D.N.Y. May 27, 2016). Some courts in this District have awarded a higher range of $300 to $450 per hour for partners "in large law firms and for attorneys with extensive experience with the particular issues of a case." *Johnson v. City of New York*, No. 11-CV-6176, 2016 WL 590457, at *5 (E.D.N.Y. Feb. 11, 2016) (citation omitted); *see also Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.,* 270 F. Supp. 3d 593, 618 (E.D.N.Y. 2017) (finding that "prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 an hour ... and some courts 'have recognized slightly higher ranges in this district of $300–$450 per hour for partners[.]'") (collecting cases); *Feltzin v. Ciampa Whitepoint LLC*, No. 15-CV-2279, 2017 WL 570761, at *2 (E.D.N.Y. Feb. 13,

2017); *Volpe v. Nassau Cty.*, No. 12-CV-2416, 2016 WL 6238525, at *6 (E.D.N.Y. Oct. 24, 2016).

After the reasonable hourly rate is determined, the Court multiplies that rate by the reasonable number of hours the attorney expended to determine a presumptively reasonable fee. *See Arbor Hill,* 522 F.3d at 183–84.  To determine whether the number of hours spent by counsel was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)).  A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *Barbu v. Life Ins. Co. of N. Am.*, No. 12-CV-1629, 2015 WL 778325, at *4 (E.D.N.Y. Feb. 24, 2015).

Plaintiff retained services of the Liebowitz Law Firm, PLLC (the "Liebowitz Firm") to represent her and submitted the Liebowitz Declaration in support of her request for attorneys' fees.  *See generally* Liebowitz Decl.  Instead of submitting contemporaneous billing records which identify who performed each of the services rendered, Attorney Liebowitz includes in his Declaration a chart entitled "Statement of Fees."  Liebowitz Decl. ¶ 19.  The chart describes the specific tasks performed on behalf of the Plaintiff, the dates on which the tasks were performed, and the amount of time expended.  *Id*.  Neither the chart, nor the narrative portion of Attorney Liebowitz's Declaration, identifies who specifically performed the tasks listed on the chart, which appears to reflect only half-hour increments of time.  *Id*.; *see also Marshall v. Deutsche Post DHL*, No. 13-CV-1471, 2015 WL 5560541, at *12 (E.D.N.Y. Sept. 21, 2015) (condemning

attorney billings in quarter-hour increments as tending to overstate the amount of time spent) (collecting cases). Based on this chart, Attorney Liebowitz seeks to be compensated for six (6) hours of time expended in this case at a rate of $425 per hour. *Id*. ¶ 18.

Attorney Liebowitz states that he graduated from the Maurice A. Deane School of Law at Hofstra University in 2015, is admitted to practice law in the State of New York and in this Court, and is the "founding member and managing partner at Liebowitz Law Firm, PLLC." *Id*. ¶¶ 1, 18. According to Liebowitz, he has "developed an expertise in the [copyright] field" as the result of having "filed over 1,000 copyright-infringement lawsuits in [both the Southern and Eastern Districts of New York] since January 2016." *Id*. ¶ 18. Doing the math, Liebowitz has been practicing law for 4-5 years, a relatively short period of time. The concerns regarding his practice have culminated in his current suspension from practice before the United States Court for the Southern District of New York as well as a multitude of sanctions in other courts. It is significant to note that courts in this District have found that an hourly rate of $425 for Attorney Liebowitz is unreasonable.[6] *See, e.g.*, *Verch*, 2020 WL 7407939, at *5; *Lowery*, 2020 WL 5441785, at *6; *Balhetchet*, 2020 WL 4738242, at *5; *Dermansky*, 2020 WL 1233943, at *7 n.7 (collecting cases admonishing Attorney Liebowitz's practices). This Court similarly finds such a rate is unreasonable and awards attorneys' fees here at a reduced hourly rate of $350. *See Verch*, 2020 WL 7407939, at *5 (reducing $425 hourly rate to $350 for Richard Liebowitz in a similar default judgment action); *Balhetchet*, 2020 WL 4738242, at *5 (E.D.N.Y. Aug. 14, 2020)

---

[6] In support of the requested hourly rate, Attorney Liebowitz asserts what appears to be his boilerplate argument that "$425 is well below what other courts in this district have found as reasonable for partners." Liebowitz Decl. ¶ 19 (citations and internal quotation marks omitted). The cases Liebowitz cites in support of this proposition, however, arose in the Southern District of New York, not the Eastern District of New York, and none addressed the reasonableness of Liebowitz's rates.

(same); *Dermansky*, 2020 WL 1233943, at *7 (same); *Lowery*, 2020 WL 5441785, at *6

(reducing $425 hourly rate to $200 for Richard Liebowitz in a similar default judgment action).

Recognizing that "[a]ll applications for attorney's fees ... should normally be disallowed

unless accompanied by contemporaneous time records," some courts in this Circuit have denied

Attorney Liebowitz's request for fees supported by a summary chart similar to that submitted

here.  *See Renna v. Bright Mountain Media, Inc.*, No. 19-CV-5510, 2020 WL 6786011, at *3

(E.D.N.Y. Oct. 19, 2020) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711

F.2d 1136, 1154 (2d Cir. 1983)); *McGlynn*, 2020 WL 5525745, at *2 (adopting recommendation

to deny Attorney Liebowitz's request for attorneys' fees supported by a summary chart and not

contemporaneous time records).  Other courts in the Circuit have granted an award of attorneys'

fees based on such a summary chart submitted by Attorney Liebowitz; however, they have

substantially reduced the number of compensable hours, noting that Attorney Liebowitz has filed

literally hundreds of similar, straightforward copyright actions utilizing the same templates.  *See*,

*e.g.*, *Ozuzu v. Function(x), Inc.,* No. 18-CV-6799, 2020 WL 4926247, at *2-*3 (S.D.N.Y. Aug.

21, 2020) (reducing the number of compensable hours requested by Attorney Liebowitz from six

to three and a half hours); *Balhetchet*, 2020 WL 4738242, at *5 (reducing the number of

compensable hours requested by Attorney Liebowitz from four and a half to two and a quarter

hours); *Cuffaro v. Fashionisto LLC*, No. 19-CV-7265, 2020 WL 5077449, at *6-7 (S.D.N.Y. July

9, 2020), *report and recommendation adopted*, 2020 WL 5076826, at *1-2 (S.D.N.Y. Aug. 27,

2020) (recommending a reduction of compensable hours requested by Attorney Liebowitz from

six to four hours); *Lowery*, 2020 WL 5441785, at *6 (characterizing as excessive Attorney

Liebowitz's claim for seven hours of work and reducing the award to three hours).  Although the

Court does not find it appropriate to deny the request for attorneys' fees outright, considering the

simplicity of the case and boilerplate nature of Plaintiff's filings, the Court finds that four hours is a reasonable number of hours to award in these specific circumstances.

Accordingly, the Court respectfully recommends to Judge Azrack that Plaintiff be awarded $1,400.00 in attorneys' fees.

### 3.   Costs

Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *LG Capital Funding, LLC v. Solar Energy Initiatives, Inc.*, No. 19-CV-0907, 2019 WL 7630792, at *6 (E.D.N.Y. Nov. 1, 2019), *report and recommendation adopted*, 2020 WL 364078, at *1 (E.D.N.Y. Jan. 22, 2020) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F. 2d 278, 283 (2d Cir. 1987). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.* (quoting *Pennacchio v. Powers*, No. 05-CV-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). Plaintiff seeks $440 in costs, consisting of the court's $400 filing fee and $40 for service of process. Liebowitz Decl. ¶ 19. Plaintiff has not submitted any receipts or other documentary proof substantiating the costs incurred. While the Court may take judicial notice of the $400 filing fee reflected on the docket sheet, the Court is unable to recommend an award of costs for the remaining expenditure for service of process which lacks documentary proof. *See United States v. Estate of Sobrane*, No. 11-CV-4995, 2017 WL 629403, at *10 (E.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, No. 11-CV-4995, 2017 WL 627412, at *1 (E.D.N.Y. Feb. 15, 2017) ("[A] Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket.").

Accordingly, the Court respectfully recommends to Judge Azrack that Plaintiff be awarded costs in the amount of $400.00.

## V.    CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Azrack that: (1) Plaintiff's motion to strike Zangba Thomson's opposition on the grounds that it was impermissibly filed on behalf of the corporate Defendant without an attorney representing that Defendant be GRANTED; and (2) Plaintiff's motion for entry of default judgment be GRANTED, in part, and DENIED, in part.  The Court further recommends that default judgment be entered against Defendant Bong Mines Entertainment, LLC and that Plaintiff be awarded $4,300, consisting of $2,500 in statutory damages, $1,400 in attorneys' fees, and $400 in costs.

## VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  Any objections by a *pro se* party shall be filed with the Clerk of the Court by overnight mail or regular mail.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joan M. Azrack.  Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Counsel for Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant forthwith by overnight mail and first-class mail and to file proof of such service on ECF by February 23, 2021**.

**SO ORDERED.**

Dated: Central Islip, New York
      February 18, 2021


<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge